UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KERRY MAGERS, | ) | |
|---|---|---|
| *Petitioner,* | ) | |
| | ) | Cause No. 3:17-cv-38 RLM |
| v. | ) | (Arising out of 3:05-cr-146 RLM) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent.* | ) | |

OPINION AND ORDER

Kerry Magers was convicted under 18 U.S.C. §§ 875(c), 876(c), and 871(a) for sending envelopes containing a white powder and threatening letters to the President of the United States and the Chief Justice of Canada. This matter is before the court on Mr. Magers' motion to vacate and correct his sentence under 28 U.S.C. § 2255. The court denies his motion.

A jury convicted Mr. Magers on all three counts related to sending threatening communications. Mr. Magers appealed, and our court of appeals dismissed his appeal in July 2008. United States v. Magers, 535 F.3d 608 (7th Cir. 2008). He moved for relief from the judgment in this court on grounds that his counsel was ineffective for not filing a motion to suppress. The court interpreted that motion as a motion to vacate under § 2255 and denied it.

Mr. Magers later filed this motion to vacate. He argues that the handwriting sample used to identify him at trial as the author of the threatening letters wasn't compared "with an authenticated specimen by an expert witness or the trier of fact," and so it wasn't properly authenticated to the judge and

shouldn't have been admitted. Fed. R. Evid. 901(a), (b)(3). In the alternative, he argues that his counsel was ineffective for not challenging the authenticity of the handwriting sample at trial. This court first denied the motion as an unauthorized second or successive motion to vacate, 28 U.S.C. § 2255(h), and forwarded it to the court of appeals. The court of appeals said Mr. Magers didn't need authorization because he wasn't adequately warned in his earlier motion that it could cut off a later petition, and so the court transferred it back. Magers v. United States, No. 17-1151 (7th Cir. Jan. 27, 2017); Castro v. United States, 540 U.S. 375 (2003).

One convicted of a federal crime can challenge his conviction or sentence if imposed in violation of federal law. 28 U.S.C. § 2255(a). The court will construe Mr. Magers's petition liberally because he argues it without counsel. *See* Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012). The record conclusively demonstrates that Mr. Magers isn't entitled to relief, so a hearing is unnecessary. *See* § 2255(b); Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000).

Mr. Magers's claims are time-barred, so the court won't address them on the merits. A petitioner has one year to file a § 2255 motion from the date on which the judgment becomes final, the date on which a government impediment to filing is removed, the date on which the Supreme Court newly recognizes a right that applies retroactively, or the date on which the petitioner could have discovered facts supporting his claim. § 2255(f). The first of these is the relevant date. Mr. Magers's appeal was decided about six and a half years ago, so his motion is about five and a half years too late.

2

In his petition, Mr. Magers argued that he didn't raise his argument on appeal because it "was not available to petitioner at time of prior appeal," and the relevant information was "previously withheld from him." If facts were withheld from Mr. Magers that prevented his claim, discovery of those facts through reasonable diligence would reset the limitations period. *See* § 2255(f)(4). But Mr. Magers doesn't identify what "fact" he discovered that he didn't already know. He doesn't point to any new evidence that had previously been withheld that would now make the handwriting sample inadmissible.

The limitations period is firm. Mr. Magers says that to be time-barred, the government "must first make a particularized showing of prejudice in its ability to respond." United States v. Gutierrez, 839 F.2d 648, 650 (10th Cir. 1988). But *Gutierrez*, the case he cites for this proposition, deals with the applicability of the old Rule 9(a) of the Rules Governing § 2255 Cases, which was in effect during a time when "[a] motion under 28 U.S.C. § 2255 may be filed 'at any time.'" *Id.* This isn't the law any longer; § 2255(f) now imposes a firm one-year limit on motions to vacate, and the government doesn't have to show prejudice to take advantage of that limitations period.

In a separate filing, Mr. Magers points to the Indiana Department of Corrections Manual of Policies and Procedures, Number 01-04-104, § VI.B.1.b(4)(a), (e), to argue that his handwriting samples were "Restricted" records that officials in the prison and the experts at trial obtained without a warrant or probable cause. First, by their own terms, these procedures grant "criminal justice agencies" and "Prosecutor Offices" access to "Restricted"

3

records when they "need the information in the performance of their lawful duties." *Id.* Second, even if it was impermissible for the government to obtain these records, Mr. Magers's claim is still time-barred. Discovering the policy manual doesn't mean Mr. Magers uncovered new evidence related to his case.

The latest date from which Mr. Magers's limitations period could start to run is "the date on which the judgment of conviction becomes final," § 2255(f)(1), which was in 2008. The limitations period thus expired in 2009, so both of his claims are time-barred.

Based on the foregoing, the court DENIES Mr. Magers' motion to vacate [Doc. Nos. 76, 81]. The Clerk is directed to enter judgment accordingly in the associated civil case.

SO ORDERED.

ENTERED: May 3, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court